**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **FLORISTS' TRANSWORLD DELIVERY,** )<br>**INC., a corporation,** )<br>)<br>      **Plaintiff,** )<br>)<br>      v. )<br>)<br>**PROVIDE COMMERCE, INC.,** )<br>**a corporation, d/b/a PROFLOWERS,** )<br>)<br>      **Defendant.** ) | **Case No. 05 C 4869**<br>**Magistrate Judge Nan R. Nolan** |

## ORDER

The parties' proposed protective orders are before the Court. For the reasons stated below, the Court is unwilling to enter either version. The parties are granted leave to resubmit proposed protective order(s) complying with this order and the limitations on protective orders established by the Seventh Circuit Court of Appeals.

## DISCUSSION

"[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944-45 (7th Cir. 1999). In order to protect the legitimate privacy interests of litigants and non-parties during litigation, Federal Rule of Civil Procedure 26(c) allows a court to enter a protective order for good cause shown. Good cause "is difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). "Only trade secrets or 'some other properly demarcated category of legitimately confidential information,' such as information covered by a recognized privilege, 'matters occurring before the grand jury,' or information required by statute

to be maintained in confidence (i.e. the name of a minor victim of a sexual assault) are entitled to be kept secret and out of the public record." Solaia Technology LLC v. ArvinMeritor, Inc., 2004 WL 549449 at *1 (N.D. Ill. Jan. 28, 2004) (citing Baxter Int'l v. Abbott Laboratories, 297 F.3d 544, 546 (7th Cir. 2002); Citizens, 178 F.3d at 946). A party seeking a protective order must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981).

Protective orders are an important part of the expeditious processing of pretrial discovery. However, the Seventh Circuit has made clear that a trial judge must make an independent determination of good cause prior to issuing a protective order, even if the parties submit an agreed protective order. "The judge is the primary representative of the public interest in the judicial process" and has an independent duty to balance the public's interest in the proceeding against the "property and privacy interests of the litigants." Citizens, 178 F.3d at 945. Good cause exists "only if the latter interests predominate in the particular case." A court need not determine good cause on a document-by-document basis. Id. at 946. Rather, a court may authorize the parties to restrict public access to properly demarcated categories of legitimately confidential information if the judge (1) satisfies herself that the parties know what the legitimate categories of protectable information are and are acting in good faith in deciding which parts of the record qualify for protection and (2) makes explicit that either party and any interested member of the public can challenge the designation of particular documents. Id.

Plaintiff's proposed protective order defines "Confidential" information as discovery material that the designating party "reasonably believes contains, refers or could lead to the disclosure of trade secret, proprietary, commercial, business, financial, or other information that that

party has an interest in protecting from unrestricted disclosure." Plaintiff's definition of confidential information does not meet the good cause standard. See Citizens, 178 F.3d at 944-45 (holding that an order authorizing either party to keep out of the public record of the litigation "any document 'believed to contain trade secrets or other confidential or governmental information, including information held in a fiduciary capacity,'" improperly granted each party "carte blanche" to decide what portions of the record to keep secret.). "Reasonably believes contains . . . trade secret, proprietary, commercial, business, financial, or other information that that party has an interest in protecting from unrestricted disclosure" is too broad to define legitimate categories of documents entitled to confidential status. Id. (noting that "believed" is a "fudge" and "other confidential . . . information" is overbroad). Nearly all of a corporation's documents could be classified as containing trade secret, proprietary, commercial, business, financial, or other information that the party has an interest in protecting from unrestricted disclosure. The specific types of documents Plaintiff seeks to protect from public disclosure need to be more narrowly defined and the reason(s) why confidential treatment is appropriate must be explained.

Defendant's version of the protective order provides more specific categories of documents they seek to protect from public disclosure, but Defendants have failed to provide any analysis or authority supporting protection of these categories of information. Defendants seek confidential treatment for discovery material which:

> comprises or contains information that the Producing Party claims in good faith to constitute or relate to trade secrets under applicable law; and confidential and proprietary information, such as, without limitation, research and development information (including, for example, market and demographic research, and product and advertising development), commercial information (including, for example, business plans, business strategies, negotiations, and license agreements), financial information (including, for example, budgeting, accounting, sales figures and advertising expenditures), business relationship information (including, for example,

> information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), personnel information (including, for example, compensation, evaluations and other employment information), and trademark prosecution information (including, for example, present or future trademark applications).

Documents containing "trade secrets or something comparable whose economic value depends upon its secrecy" are appropriate subjects of a sealing order. Baxter, 297 F.3d at 547.[1] It is not enough, however, to state that material is "confidential" or "proprietary" and conclude that it must be kept out of the public record. Union Oil, 220 F.3d at 567 (stating "[c]alling a settlement agreement confidential does not make it a trade secret any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination)."). Defendants have failed to provide any analysis or authority supporting confidential treatment for the above categories of documents. Defendants have not shown that any specific category of information qualifies as a trade secret. Defendants have not explained how disclosure of any category of information they seek to protect would enable a competitor to obtain economic advantage or value. Nor have they described any efforts made to maintain the confidentiality of any category of information.

      The parties are granted leave to file a revised protective order which provides an analysis of the propriety of secrecy for each category of information they seek to protect, including citations to authority supporting protection of each category of asserted confidential information. See Baxter, 297 F.3d at 548; IGF Ins. Co. v. Continental Casualty Co., 2001 WL 1763306 (S.D. Ind. Sept. 24, 2001). A few remaining matters merit mention. First, the Court directs the parties to Pepsico, Inc.

---

[1] Illinois law defines a trade secret as "information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that: (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality." 765 ILCS 1065/2.

v. Redmond, 46 F.3d 29 (7th Cir. 1995) and In the Matter of Grand Jury, 983 F.2d 74 (7th Cir. 1992), which discuss the impropriety of filing entire pleadings or briefs under seal. Any revised protective order should make clear that the parties must file public pleadings and briefs but may file sealed supplements if necessary to discuss in detail materials subject to the protective order. Moreover, documents which contain both protectable and non-protectable information need only have the protectable portions of the documents redacted in order to maintain secrecy. Citizens, 178 F.3d at 945. Any revised protective order should also indicate that either party *or an interested member of the public* can challenge the confidential status of particular documents pursuant to the protective order. Id. at 946. The protective order shall state that it is limited to pretrial discovery. Id. at 945. If the case proceeds to trial, the district court will determine whether any protected information should become a part of the public record. Finally, any proposed protective order shall provide that Local Rule 26.2(e) governs the disposition of sealed documents maintained by the clerk following conclusion of the case.

                                                          **E N T E R:**

                                                          */s/ Nan R. Nolan*

                                                          **Nan R. Nolan**
                                                          **United States Magistrate Judge**

**Dated: January 18, 2006**